STAN S. MALLISON (Bar No. 184191)
    StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
    HectorM@TheMMLawFirm.com
DANIEL C. KELLER (Bar No. 332576)
    DKeller@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA—FRESNO DIVISION

| | |
|---|---|
| EFREN LINARES, individually, on behalf of others similarly situated, and on behalf of the State of California and aggrieved employees pursuant to the Private Attorneys General Act,<br><br>Plaintiff,<br><br>vs.<br><br>ABM INDUSTRY GROUPS, LLC., FLOWERS BAKING CO. OF MODESTO, LLC; and DOES 1 through 40, inclusive,<br><br>Defendants. | Case No._____<br><br>CLASS ACTION COMPLAINT:<br><br>1. Violation of the Fair Labor Standards Act<br>2. Failure to Pay Overtime Wages<br>3. Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions<br>4. Failure to Pay All Wages Earned at Termination or Resignation<br>5. Violation of Unfair Competition Law<br><br>**NON-CLASS REPRESENTATIVE COMPLAINT**<br><br>6. Remedies pursuant to the California Labor Code Private Attorneys General Act Labor Code §§ 2699 *et seq.*<br><br>DEMAND FOR JURY TRIAL |

1. Plaintiffs EFREN LINARES ("Plaintiff") brings this action against ABM INDUSTRY GROUPS, LLC., FLOWERS BAKING CO. OF MODESTO, LLC; and DOES 1 through 40, inclusive (collectively, "Defendants"), individually and on behalf of all Class Members employed under common circumstances and facts. The allegations made in this Complaint are based on the knowledge of Plaintiff EFREN LINARES except those allegations made on information and belief, which are based on the investigation of their counsel.

## I. NATURE OF THE ACTION

2. This is a wage and hour class action to vindicate the rights afforded employees by federal and California labor law. This action is brought by Plaintiff EFREN LINARES for himself and on behalf of a Class of similarly situated individuals against Defendants for systemic violations of federal and California labor law.

3. This action revolves around the systemic failure by Defendants to pay California non-exempt employees, including Plaintiff and the Class, in conformance with federal and California law. Defendants employed Plaintiff and the Class directly, jointly, and/or are liable under California Labor Code § 558.1. Plaintiff alleges that Defendants are "persons" who violated or caused to be violated California Labor Code §§ 558, and 1197.1 and the Industrial Welfare Commission (IWC) Wage Orders.

4. The core violations Plaintiff alleges against Defendants are: (1) violation of the Fair Labor Standards Act (FLSA): failure to pay all overtime wages owed; (2) failure to pay all overtime wages owed under California law; (3) knowing and intentional failure to comply with itemized wage statement provisions; (4) failure to pay all wages earned at termination or resignation; (5) violation of Unfair Competition Law; and (6) violation of the Labor Code, for which Plaintiffs seek penalties pursuant to the Private Attorneys General Act.

5. Defendants have refused to pay the wages due and owed to Plaintiff and similarly situated employees under the express provisions of the FLSA and California Labor Code, which in turn has resulted in additional Labor Code violations entitling Plaintiff and other similarly situated employees to prompt payment of wages and penalties.

6. Plaintiff, for himself and the Class, also seeks injunctive relief requiring each

Defendant to comply with all applicable California labor laws and regulations in the future and preventing the Defendants from engaging in and continuing to engage in unlawful and unfair business practices. Plaintiff also seeks declaratory relief enumerating each Defendant's violations so that Defendants and the general public will have clarity and guidance with regards to Defendants' future employment practices.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

8. This action, and the causes of action hereunder, including state law claims, are subject to original jurisdiction in this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which at least one member of the proposed class is a citizen of a state different than Defendants.

9. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367, because these are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

10. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

11. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which at least one of the Defendants and Plaintiffs reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

### INTRADISTRICT ASSIGNMENT

12. This case is properly assigned to the Fresno Division of this Court because the action arose in Stanislaus County, California. Local Rule 120(d).

## III. PARTIES

*Plaintiff*

13. Plaintiff EFREN LINARES is a natural person and, during the relevant time period,

was employed by Defendants ABM INDUSTRY GROUPS, LLC., FLOWERS BAKING CO. OF MODESTO, LLC, and/or DOES 1-40, inclusive, within the County of Stanislaus as a non-exempt employee. He performed work for Defendants at various times during the relevant time period and, among other things, was not paid appropriately over the period of his employment. Plaintiff EFREN LINARES is an aggrieved employee who has been subjected to the violations and unlawful employment practices described herein, and who, as a result, has suffered injury in fact and loss of money and property.

### *Defendants*

14. The following allegations as to the Defendants are made on information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

15. Defendant FLOWERS BAKING CO. OF MODESTO, LLC ("FLOWERS") operates a food production facility in Modesto, California, and contracts with Defendant ABM INDUSTRY GROUPS, LLC ("ABM") for the provision of janitorial services at said facility. In so doing, both of these Defendants jointly employed Aggrieved Plaintiff and similarly situated aggrieved employees herein. Plaintiff initially worked at FLOWERS' plant in the production department in or about 2014-2015. During that time, Plaintiff was formally employed by ABM but answered directly to FLOWERS. After that time period, in or about 2015, Plaintiff moved from production to performing custodial work, and began reporting directly to ABM. Throughout Plaintiff's employment by ABM and/or FLOWERS, ABM employees performed work inside the FLOWERS plant but were not considered actual employees of FLOWERS. Indeed, Plaintiff never received a paycheck listing FLOWERS as his employer.

### IV. FACTUAL BACKGROUND

16. This is a class action under Code of Civil Procedure section 382 which concerns the systematic failure by Defendants to pay all overtime hours worked (i.e., those over 8 in a workday and over 40 in a week) at the proper overtime wage rate of one-and-one-half times the regular rate

of pay.  This failure to pay overtime at the proper rate stems from Defendants' use of a shift differential pay system, whereunder Plaintiff, class members, and aggrieved employees are paid multiple rates of pay (i.e., shift differentials). However, overtime pay rates are only calculated based on the lower, straight-time rate, instead of the mandated Regular Rate of Pay after factoring in the presence of hours worked under shift differentials.

17. Under this practice, Defendants have failed to pay current and former California non-exempt employees in conformance with the California Labor Code and Wage Orders.  At the core of Defendants' violations is a policy of failing to pay overtime wages for overtime hours worked, failing to provide accurate wage statements, and failing to pay all wages owed upon separation from employment.  These violations are a uniform policy applied to all non-exempt employees of Defendants

18. For at least four years prior to the filing of this action and through to the present, Defendants and their subsidiaries, parents, or affiliate companies have maintained and enforced unlawful labor policies against employees that revolve around Defendants' compensation policies and their record-keeping procedures.

19. Defendants failed to compensate Plaintiff and the class members for all "hours worked" at the proper overtime wage rate. As a result of this practice, Defendants also failed to pay Plaintiff and severed class members all wages due at termination, and failed to issue Plaintiff and class members accurate itemized wage statements, as such statements failed to reflect overtime wages earned calculated at the proper rate due which should have taken the shift differentials into account.

20. Plaintiff, on behalf of himself and the Class he seeks to represent brings this action pursuant to, without limitation, the FLSA and California Labor Code §§ 201, 202, 203, 210, 216, 218, 218.6, 221, 223, 225, 226, 226.7, 510, 512, 1174, 1175, 1194, 1194.2, 1197, 1197.1 1199 and 2673.1(a), 2699 *et seq*., the applicable IWC Wage Order, and Business & Professions Code §§ 17200 *et seq.* and seeks unpaid and underpaid overtime wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees and costs of suit, injunctive relief, declaratory relief, restitution, and disgorgement of all profits or benefits

retained by Defendants as a result of their failure to comply with the above laws.

21. On information and belief, Defendants were on notice of the improprieties alleged herein by their employees, and intentionally refused to rectify their unlawful policies.

22. Defendants' failure to compensate non-exempt employees for all "hours worked," at the required overtime or double time premium rate, in addition to the other violations alleged above, during all relevant times herein was willful and deliberate.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action under Code of Civil Procedure section 382 and as an opt-in FLSA Collective Action pursuant to 29 U.S.C. §216 (b). Plaintiff seeks to represent the following Class and Collective composed of, and defined, as follows:

> **California Class**: All non-exempt employees of ABM INDUSTRY GROUPS, LLC and/or FLOWERS BAKING CO. OF MODESTO, LLC who performed work in California for Defendants at any time after March 02, 2018.; and
>
> **FLSA Collective**: All non-exempt employees of ABM INDUSTRY GROUPS, LLC and/or FLOWERS BAKING CO. OF MODESTO, LLC who performed work in California for Defendants at any time after March 02, 2019.

24. Plaintiff may amend the above class definitions as permitted or required by this Court. This action has been brought and may properly be maintained as a class action under Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable by means of Defendants' records.

### A. Numerosity

25. The potential members of the above Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of members of the Class has not been determined at this time, Plaintiff is informed and believes that the Class consists of several hundred employees, the vast majority of them in the State of California, in positions as non-exempt employees dispersed throughout this Judicial District, and who are or have been affected by

1 the unlawful practices as alleged herein.

2   26. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. On information and belief, Plaintiffs allege the Defendant's employment records will provide information as to the number and location of the members of the Class. Joinder of all members of the proposed Class is not practicable.

**B. Commonality**

27. There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(a) Whether Defendants failed and continue to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201, et seq.;

(b) Whether Defendants violated the California Labor Code and applicable wage orders by compensating non-exempt employees at rates below the required overtime rate;

(c) Whether Defendants violated the California Labor Code and applicable wage orders by failing to, among other violations, maintain accurate records of employees' earned wages and work periods, itemize in wage statements all hours worked and wages earned, and accurately maintain records pertaining to Plaintiff and the Class he seeks to represent;

(d) Whether Defendants violated the California Labor Code and applicable wage orders by failing to pay all earned wages and/or premium wages due and owing at the time that any Class member's employment with Defendants terminated;

(e) Whether Defendants violated California Business and Professions Code §§ 17200 *et seq.* by unlawfully deducting wages, or failing to pay wages to non-exempt employees and converting same to Defendants' own use; unlawfully requiring non-exempt employees to work at wage rates below the overtime wage rate and converting same to Defendants' own use; failing to pay wages and compensation due and owing at the time a Class Member's employment with Defendants terminated; and failing to keep accurate records, causing injury to employees;

(f) Whether Defendants violated Business and Professions Code §§ 17200 *et seq.* by violating the fundamental public policy underlying the California Labor Code and applicable

wage orders;

(g)     Whether Plaintiff and the Class Members are entitled to declaratory, injunctive and other equitable relief pursuant to Business and Professions Code §§ 17200 *et seq.*;

(h)     Whether Plaintiff and the Class Members are entitled to damages, restitution, statutory penalties, declaratory, injunctive and other equitable relief, attorney's fees and costs, and other relief pursuant to the California Labor Code, the applicable wage orders, and Business and Professions Code §§ 17200, *et seq.*

### C. Typicality

24.     The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

### D. Adequacy of Representation

25.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

### E. Superiority of Class Action

26.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class Members for all wages earned and engaging in the unlawful practices herein complained of.

27.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that individual class members have any interest in individually controlling separate actions in this case. Class members' lack of knowledge of the legal system and limited economic resources would deprive most class members of the practical opportunity to pursue their claims were

this class action not certified.

28. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

V. **CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
(FAIR LABOR STANDARDS ACT (FLSA), 29 U.S.C. §§ 201 *et seq.*)
(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

29. Plaintiffs and the Class incorporate all preceding paragraphs as though fully set forth herein.

30. On information and belief and at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C §203. At all relevant times, Defendants employed, and continue to employ workers, including Plaintiff and other similarly situated employees.

31. The FLSA requires each covered employer, including Defendants, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

32. Defendants routinely required and/or suffered or permitted Plaintiff and similarly situated employees to work more than 40 hours per week, and routinely without paying them all overtime premium wages for hours worked in excess of 40 hours per week.

33. At all relevant times, Defendants, pursuant to their policies and practices, failed and refused to pay all overtime premiums to Plaintiff and similarly situated employees for their hours worked in excess of forty hours per week.

34. By failing to compensate Plaintiff and similarly situated employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a

workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §207(a)(1).

35. As a direct and proximate result of the Defendants' failure to pay proper wages under the FLSA, Plaintiff and similarly situated employees incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

36. Defendants' intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff and similarly situated employees their proper wages. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Thus, Defendants are liable to Plaintiff and similarly situated employees for liquated damages in an amount equal to their lost wages over a three-year statute of limitations pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

37. Plaintiff will concurrently file his signed Consent to Sue form with this complaint pursuant to § 16(b) of the FLSA, 29 U.S.C. §§216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as plaintiff asserting FLSA claims in the future.

38. Plaintiff obtained legal assistance in order to bring this action on behalf of himself and other similarly situated employees, and, as such is entitled to seek recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

39. Plaintiff seeks damages in the amount of unpaid overtime premium wages and liquidated damages as provided by 29 U.S.C. § 216 (b), interest, and such other legal and equitable relief as the Court deems just and proper.

40. WHEREFORE, Plaintiff requests relief as described herein on behalf of himself and similarly situated employees.

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
(CAL. LABOR CODE §§ 510, 1194, 1194.2, IWC WAGE ORDER 1)
(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

41. Plaintiff and the Class incorporate all preceding paragraphs as though fully set forth herein.

42. California Labor Code § 510 states:
> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

43. The identical provision is found in the applicable IWC Wage Order 1, which is authorized under California Labor Code § 1185.

44. IWC Wage Order 1 establishes for bakery workers an eight (8) hour workday and forty (40) hour work week, and provides that work in excess of eight (8) hours in one workday or forty (40) hours in one work week is to be compensated at one and one-half (1½) times the employees' regular rate of pay. Similarly, IWC Wage Order 1 establishes that time worked in excess of twelve (12) hours is to be compensated at double the employees' regular rate of pay.

45. California Labor Code § 500 defines, "workday" and "day" to mean any consecutive 24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

46. As described herein, Defendants violated California Labor Code § 510 and IWC Wage Order 1 by failing to pay overtime to employees who were required to work more than 8 hours in one workday or 40 hours in one work week.

47. California Labor Code § 558.1 states that any employer or person acting on behalf of an employer who causes a violation is liable, among other things, for overtime wage violations. See Cal. Labor Code § 558.1. Defendants failed to pay Plaintiff and the Class all overtime wages and all Defendants are liable for causing this violation under Labor Code § 558.1

48. As described herein, this is an action under California Labor Code §1194 to recover wages on account of Defendants' failure to pay overtime wages as described in California Labor Code §§ 510, 1194(a), 1194.2 and any applicable wage orders, including IWC Wage Order 1. Defendants are liable as the employer for failure to pay overtime wages as alleged herein. Therefore,

Plaintiff and the Class are entitled to recover overtime wages unlawfully unpaid and interest thereon, plus reasonable attorneys' fees and costs of suit.

49. WHEREFORE, Plaintiff and the Class request relief as described herein and below.

### THIRD CAUSE OF ACTION
### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS
(CAL. LABOR CODE §§ 226; 1174, 1175)
(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

50. Plaintiff and the Class incorporate all preceding paragraphs as though fully set forth herein.

51. California Labor Code section 226(a) states:

> (a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), . . . (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, . . . (8) the name and address of the legal entity that is the employer . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . .

52. Defendants failed to provide "accurate itemized statements" to Plaintiffs and the Class Members, because the wage statements: 1) falsely understated the gross wages earned; and 2) falsely understated net wages earned.

53. California Labor Code section 226(e) and (g) provide for the remedy for the violations described above:

> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

54. An employee may also bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorney's fees.

55. By failing to reflect the overtime wages actually earned at the proper overtime rate,

as a result of Defendants' payment of shift differentials, Defendants knowingly failed to issue accurate itemized wages statements showing, without limitation, all wages earned, and Plaintiff and the Class are entitled to up to $4,000.00 in penalties each.

56. WHEREFORE, Plaintiff and the Class Members he seeks to represent are entitled to damages in an amount to be determined at trial, not to exceed $4,000 per employee, cost of suit, attorney fees, and injunctive relief.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY ALL EARNED WAGES AT TERMINATION OR RESIGNATION**
(CAL. LABOR CODE § 203)
(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

57. Plaintiff and the Class incorporate all preceding paragraphs as though fully set forth herein.

58. California Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours' notice. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced.

59. Plaintiff separated from the Defendants' employ during the relevant time period. Plaintiff was not paid all earned wages at the time of end of the employment relationship with Defendants. On information and belief, numerous Class Members were not paid all wages earned at the time of termination or resignation. Plaintiff alleges that Defendants' custom, practice, and/or policy was not to pay for previously earned overtime wages at the time that final wages were paid.

60. More than 30 days have passed since Plaintiff and certain Class members ended their employment with the Defendants. Defendants have not paid Plaintiff and Class members all wages owed. As a consequence of Defendants' willful conduct in not paying Plaintiff and Class members all earned wages at the time their employment ended, Plaintiff and Class members are entitled to 30 days' wages as a penalty under Labor Code § 203.

61. California Labor Code § 558.1 states that any employer or person acting on behalf

13
CLASS ACTION AND PAGA COMPLAINT - DEMAND FOR JURY TRIAL

of an employer who causes a violation is liable, among other things, for failure to pay all wages at the time of termination. See Cal. Labor Code § 558.1. Defendants failed to pay all wages at the time of Plaintiff's and the Class' termination and all Defendants are liable for causing this violation under Labor Code § 558.1

62. WHEREFORE, Plaintiff and the Class request relief as described herein and below.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF UNFAIR COMPETITION LAW**
(CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.)
(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

63. Plaintiff and the Class incorporate all preceding paragraphs as though fully set forth herein.

64. As described in this complaint, Defendants have violated, among other things, the following Federal and California laws:

a. Violations of the FLSA, 29 U.S.C. §201, et seq. by failing to pay overtime compensation;

b. Violation of California Labor Code § 510 (relating to the failure to compensate at the rate of no less than one and one-half times the regular rate of pay for all work in excess of eight hours in one workday and any work in excess of 40 hours in any workweek);

c. Violation of California Labor Code § 216 by willfully refusing to pay wages due and payable by falsely denying the amount or validity thereof, or that the same is due, with intent to secure for itself any discount upon such indebtedness, and with intent to annoy, harass, oppress, hinder, delay, or defraud, the Class Members to whom such indebtedness is due; and

d. Violation of California Labor Code § 201, 202 and 203 by failing to pay all wages earned and unpaid at the time of certain Class Members' discharge from employment by Defendants.

65. Defendants' activities also constitute unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because their practices violate the above noted laws, and/or

violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiff, the Class, the public, and other similarly situated employees.

66. Plaintiff and the Class are entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

67. As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff, and other similarly situated employees. Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff and the Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203. Plaintiff is informed and believes, and thereon alleges, that Defendants are unjustly enriched by, among other things, requiring their employees to suffer the various labor code violations alleged. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and the Class were prejudiced by Defendants' unfair business practices.

68. As a direct and proximate result of the unfair business practices of Defendants, Plaintiff and the Class are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff and the Class as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

69. The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future. Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully require their non-exempt employees to work without being compensated at the applicable overtime and double time rate of pay. Defendants are liable as the employer based on their unlawful business practices as alleged herein.

70. WHEREFORE, Plaintiff and the Class request relief as described herein and below.

**SIXTH CAUSE OF ACTION**
**CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT**
(CAL. LAB. CODE § 2698, ET SEQ.)
(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

71. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

72. Plaintiff brings this claim himself as an aggrieved employee on behalf of the State of California and other current and former employees, as expressly authorized by Labor Code sections 2699 et seq. PAGA is an enforcement action that empowers an aggrieved employee to seek penalties on behalf of themselves, current and former employees, and the State, without the need to certify a class. For purposes of this claim only, therefore, Plaintiff brings this claim for himself and other current and former employees and need not comply with Class Action Certification.

73. Plaintiff is an aggrieved employees as defined in Labor Code section 2699(a). Plaintiff brings this cause of action on behalf of himself and other current or former aggrieved employees affected by the labor law violations alleged in this complaint and set forth in the facts and theories of his pre-lawsuit notice.

74. The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been satisfied by written notice by certified mail to Defendants and to the Labor and Workforce Development Agency, detailing the facts and theories of the Labor Code and IWC Wage Order violations averred in this complaint.

75. Plaintiff seeks penalties due from Defendants on behalf of himself, other aggrieved current and former employees, and the State, as provided by Labor Code § 2699(i) as a result of Defendants' violations of the provisions of the Labor Code and the IWC Wage Order as alleged in this complaint. Each of the cause of actions alleged herein gives rise to direct and derivative bases for PAGA penalty liability. The allegations herein also make Defendants liable for penalties under the Labor Code for which there is not a private right of action.

76. Plaintiff seeks all available civil penalties as provided under applicable Labor Code sections for violations of the Labor Code alleged herein pursuant to Labor Code section 2699(a). To the extent that any violation alleged herein does not carry a penalty, Plaintiff seeks civil penalties pursuant to Labor Code section 2699(f) for himself, other current or former employees, and the

State for violations of those sections. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

## VI. PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court determine that this action may be maintained as a class and collective action with the named Plaintiff appointed as class representative;
2. For the attorneys appearing on the above caption to be named class counsel;
3. For compensatory damages in an amount according to proof with interest thereon;
4. For a declaratory judgment that each of the Defendants violated Plaintiff and the Class Members' rights under FLSA, California Labor and Business and Professions Codes as set forth in the preceding paragraphs;
5. That Defendants be ordered to make restitution to the Class due to their unfair competition;
6. That Defendants be enjoined from continuing the unlawful course of conduct, alleged herein;
7. For premium pay, wages, and penalties;
8. For attorneys' fees, interest and costs of suit;
9. For damages and liquidated damages;
10. For all other relief provided by the FLSA, the California Labor Code, and California Business and Professions Code;
11. For such other and further relief as the Court deems just and proper;
12. For all provisions of the Labor code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

13. For all provisions of the Labor code violated as described above for which a civil penalty is specifically provided, civil penalties for each aggrieved employee as specifically provided by statute

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of his and the Class' claims by jury to the extent authorized by law.

Dated: July 01, 2022                                    **MALLISON & MARTINEZ**

By:_____
Hector R. Martinez
Stan Mallison